The Honorable Charles E. Bailey Mayor City of Ormond Beach Post Office Box 277 Ormond Beach, Florida 32075-0277
Dear Mr. Bailey:
This is in response to your request for my opinion on substantially the following question:
 DOES s 5(a), ART. II, STATE CONST., PROHIBIT THE MAYOR OF A MUNICIPALITY FROM SERVING SIMULTANEOUSLY ON THE GOVERNING BODY OF A COUNTY HEALTH FACILITIES AUTHORITY CREATED UNDER PART III OF CH. 154, F.S.?
Section 5(a), Art. II, State Const., in relevant part provides:
 No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that . . . any officer may be a member of a . . . statutory body having only advisory powers.
The Mayor of the City of Ormond Beach is, of course, a municipal officer, see, s 5, Ch. 65-2034, Laws of Florida, and ss 2 and 4, Ch. 67-1842, Laws of Florida; thus, this office is within the purview of s 5(a), Art. II, State Const.
The Volusia County Health Facilities Authority was created and organized under Part III of Ch. 154, F.S., as a public body corporate and politic. It was created by the governing body of the county through ordinance or resolution after that body had found the requisite need to exist for the authority to function in the county. See, s 154.207(1), F.S. The governing body of the county appoints the members of the authority and is empowered to remove any member of the authority for cause as specified in the statute. See, s 154.207(4), F.S. Moreover, the governing body of the county may abolish the authority at any time by ordinance or resolution. See, s 154.207(2), F.S. I am not aware of any judicial precedent establishing the status of a county health facilities authority for the purposes of s 5(a), Art. II, State Const., i.e., whether it is an agency or instrumentality of the county or falls under the government of the county for dual officeholding purposes. However, since the county's governing body created the authority (s 154.207[1], F.S.), appoints the members of the authority created for the county (s 154.207[4], F.S.), may remove any members so appointed (s 154.207[4], F.S.), and may abolish it at any time (s 154.207[2], F.S.), I am of the view that, until and unless judicially determined otherwise, the Volusia County Health Facilities Authority is, for the purposes of s 5(a), Art. II, State Const., an agency or instrumentality of the county and the members of the authority hold an office under the government of the county. An examination of the terms of ss 154.209-154.219 and154.225, F.S., establishes that the authority and its members exercise sovereign powers, and for dual officeholding purposes I therefore conclude that the members of the county health facilities authority are officers of the county. It is clear from the terms of Part III of Ch. 154 that the authority is not a statutory body having only advisory powers and it and its members are not excepted from, but fall within, the purview of s 5(a), Art. II, State Const.
Since both the office of Mayor of the City of Ormond Beach and the office of member of the Volusia County Health Facilities Authority are offices of the municipality and the county, respectively, both positions are offices within the purview of s 5(a), Art. II, State Const., and one person may not serve in both offices or positions simultaneously.
Therefore, until and unless judicially determined otherwise, I conclude that the dual officeholding prohibition of s 5(a), Art. II, State Const., prohibits the Mayor of the City of Ormond Beach from simultaneously holding office or serving on the governing board of a county health facilities authority created and organized under Part III of Ch. 154, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General